UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE P. SARE,<br><br>        Plaintiff,<br><br>  v.<br><br>TESLA, INC., et al.,<br><br>        Defendants. | No. 2:22-cv-00547-JAM-CKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This case arises from a fatal car crash. On May 14, 2020, Gary Marchi ("Marchi" or "Decedent") was driving his 1995 Ford F-350 eastbound on the I-205, towing a flatbed trailer. Compl. ¶ 11, ECF No. 1-1. Andrea Myers ("Myers") was driving her Model 3 Tesla in autopilot mode in the lane to Marchi's left. Id.

Suddenly Myers' Tesla began to swerve without warning, hitting the front driver's-side of Marchi's Ford. Id. ¶ 12. As Meyer's attempted to regain control of her Tesla, it swerved again, hitting Marchi's Ford for the second time. Id. This caused Marchi to lose control of his vehicle, flipping and rolling before coming to a stop. Id. ¶ 13. The roof of Marchi's Ford collapsed internally. Id. Marchi sustained life-threatening injuries and ultimately, did not survive. Id.

1

Natalie Sare ("Plaintiff"), Marchi's sister and personal representative of his estate, brought this action in San Joaquin County Superior Court against Tesla Inc. ("Defendant") for (1) strict products liability — manufacturing defect; (2) strict products liability — design defect; (3) negligence, and (4) negligence — failure to recall. See generally Compl. Tesla removed the action to this Court on the basis of diversity jurisdiction. Not. of Removal at 2-4, ECF No. 1. Plaintiff now moves to remand the case back to San Joaquin County Superior Court and requests the associated fees and costs incurred. Mot. to Remand, ECF No. 8.[1] Defendant opposed the motion. Opp'n, ECF No. 9. Plaintiff replied. Reply, ECF No. 12. For the reasons set forth below Plaintiff's motion is denied.

## II. OPINION

### A. Legal Standard

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant"); see also Caterpillar, Inc. v.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 7, 2022.

2

1  Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions
2  that originally could have been filed in federal court may be
3  removed to federal court."). Accordingly, the removal statute
4  provides two ways in which a state court action may be removed
5  to federal court: (1) the case presents a federal question, or
6  (2) the case is between citizens of different states and the
7  amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.
8      On a motion to remand, it is the removing defendant's
9  burden to establish federal jurisdiction, and the court must
10 strictly construe removal statutes against removal. Gaus v.
11 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong
12 presumption' against removal jurisdiction means that the
13 defendant always has the burden of establishing that removal is
14 proper."). If there is any doubt as to the right to removal,
15 the case should be remanded to state court. Matheson v.
16 Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.
17 2003).
18      B.   Analysis
19      Defendants removed this action on the basis of diversity
20 jurisdiction. Not. of Removal at 2-4. Plaintiff now seeks to
21 remand the case, arguing the parties are not diverse. Mot. at
22 4-10. Diversity jurisdiction requires that all parties be
23 completely diverse and the amount in controversy exceed $75,000.
24 28 U.S.C. § 1332(a); Matheson, 319 F.3d at 1090. "Complete
25 diversity" exists where no plaintiff is a citizen of the same
26 state as any defendant to the case. Caterpillar, Inc. v. Lewis,
27 519 U.S. 61, 68 (1996). A natural person is a citizen of the
28 state of their domicile – their permanent home where they reside

3

and intend to remain. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both the state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, the parties agree the amount in controversy exceeds $75,000 and Plaintiff is a citizen of California. Mot. at 4; Opp'n at 3, 9. Plaintiff, however, contends the parties are not diverse, as Defendant, at the time this suit was filed, had its principal place of business in Palo Alto and was thus a citizen of California. Mot. at 6. Defendant, on the other hand, claims that after moving its headquarters, it is no longer a citizen of California but rather Texas. Opp'n at 4-9. Accordingly, the sole issue before the Court is whether on February 14, 2022, when this lawsuit was filed, Tesla's principal place of business was in California or Texas. See Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (the jurisdiction of the court depends upon the circumstances at the time the action was brought).

A corporation's principal place of business is its "nerve center" – "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010). Ordinarily, a corporation's principal place of business will be "where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination [. . .] and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the

4

1  occasion).” Id. at 93.
2      Defendant contends that it officially moved its global
3  headquarters from Palo Alto, California to Austin, Texas on
4  December 1, 2021, over two months before this action was filed.
5  Opp'n at 5.  To support this, Defendant submitted its 8-K form
6  with the Securities and Exchange Commission, informing the
7  Commission of its headquarters move on December 1, 2021.  Ex. B
8  to Opp'n, ECF No. 9-3.  Crucially, Defendant submits evidence
9  that its high level corporate officers, including CEO Elon Musk,
10 Chief Financial Officer Zachary Kirkhorn, Head of Legal
11 Department David Searle, Vice President of Employee Health and
12 Safety Laurie Shelby, and Senior Director of the Office of the
13 CEO and Gigafactory Texas Omead Afshar, are all based out of the
14 Texas headquarters.  Preciado Decl. ¶ 5.  Moreover, Tesla's
15 Corporate Governance Guidelines directs communications from
16 shareholders to the Texas address.  Ex. F to Opp'n at 4-5, ECF
17 9-7; see Wilmington Tr. Co. v. Boeing Co., No. C20-0402-RSM-MAT,
18 2020 WL 4004575, at *2 (W.D. Wash. June 8, 2020) (finding
19 corporate bylaws identifying Chicago as the location of the
20 corporation's executive officers and directing notices from
21 shareholders be sent to that location supported finding its
22 principal place of business was in Chicago).  Finally, there is
23 no evidence of jurisdictional manipulation.  Well before this
24 lawsuit, as early as May 2020 continuing through October 1,
25 2021, Tesla's officers, including CEO Elon Musk, publicly stated
26 Tesla would be moving its corporate headquarters to Austin,
27 Texas.  Preciado Decl. ¶ 6 (citing Ex. G.).
28     Defendant has met its burden of demonstrating through

competent evidence that at the time this suit was filed, Tesla's principal place of business was in Austin, Texas, as that is where its high level officers directed, controlled, and coordinated the corporation's activities. See Hertz Corp., 559 U.S. at 80-81. Plaintiff's evidence does not persuade the Court otherwise. Plaintiff relies on an article from April 2022 that Tesla celebrated its new headquarters' opening with a 'Cyber Rodeo' party two months after the complaint was filed. Mot. at 6. But as Defendant points out, the date Tesla decided to celebrate its opening with the public is not indicative of when their high level officers began directing operations from that locale. Opp'n at 5 n.2.

The Court therefore finds Tesla is a citizen of both Delaware, its place of incorporation, and Texas. Given Plaintiff is a citizen of California, complete diversity exists between the parties. Accordingly, Plaintiff's motion to remand and her accompanying request for fees and costs incurred is denied.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion to remand and request for associated fees and costs incurred.

IT IS SO ORDERED.

Dated: July 18, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE