Jonathan A. Michaels, Esq. – CA State Bar No. 180455
(jmichaels@defectattorney.com)
Kseniya Y. Stupak, Esq. – CA Bar No. 309783
(kstupak@defectattorney.com)
Matthew Van Fleet, Esq. – CA State Bar No. 227338
(mvanfleet@defectattorney.com)
**MLG, APLC**
600 Anton Blvd., Suite 1240
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908

Attorneys for Plaintiff,
Natalie P. Sare, Personal Representative
of the Estate of Gary Pete Marchi

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE P. SARE, Personal Representative of the ESTATE OF GARY PETE MARCHI, | Case No.: 2:22-cv-00547-JAM-CKD |
| | Assigned To: Hon. John A. Mendez |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH:** |
| vs. | |
| TESLA, INC., a Delaware Corporation, dba TESLA MOTORS, INC.; and DOES 1 to 25, inclusive, | **1. STRICT LIABILTY – MANUFACTURING DEFECT;** |
| Defendants. | **2. STRICT LIABLITY – DESIGN DEFECT;** |
| | **3. NEGLIGENCE;** |
| | **4. NEGLIGENCE – FAILURE TO RECALL; AND** |

1

**5. SURVIVAL ACTION CCP § 377.30**

UNLIMITED CIVIL ACTION

Complaint file:  February 14, 2022
Removal date:  March 24, 2022
Trial date:       February 26, 2024

– <u>**JURY TRIAL DEMANDED**</u> –

<u>**THE PARTIES**</u>

1.    At all times mentioned in this Complaint, Plaintiff Natalie Sare (hereinafter "Sare"), is and at all relevant times was, an individual residing in San Mateo County in the State of California and is the surviving sister of Gary Pete Marchi.

2.    At all relevant times, Plaintiff Sare, was and is the Personal Representative of the Estate of Marchi and has standing to bring this claim pursuant to California Code of Civil Procedure § 377.60.

3.    Plaintiff Sare is informed and understands that Defendant Tesla Inc., dba Tesla Motors, Inc. (hereinafter "Tesla"), was and is a Delaware corporation with its principal place of business in Austin, TX.  At all times mentioned herein, Defendant Tesla was engaged in the business of designing, engineering, manufacturing, testing, assembling, marketing, advertising, and distributing consumer automobiles.

4.     Plaintiff Sare is unaware of the true names of Does 1 through 25 and therefore sues them by such fictitious names and will ask for leave of Court to insert their true names when such have been ascertained.

5.     The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of DOES 1 through 25, inclusive, are unknown to Plaintiffs who therefore sue said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereupon allege, that each of the defendants designated herein as a DOE was, and is, negligent, strictly liable, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Each allegation in the Complaint therefore refers in like manner to DOES 1 through 25, inclusive. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

6.     Plaintiff are informed and believe, and thereon allege, that at all times mentioned herein, defendant Tesla, and DOES 1 through 25, inclusive, were agents, servants, employees, successors in interest, alter egos, partners, and/or joint ventures of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, alter ego status, and/or joint venture.

## **JURISDICTION**

7.     This Court has personal jurisdiction over Plaintiff Sare as the Plaintiff consents to such jurisdiction.

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity amongst the parties.

9.     This Court has personal jurisdiction over Defendant Tesla because it is engaged in the sale of consumer vehicles throughout the State of California, thus providing the Court with general jurisdiction.

## VENUE

10.     Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions  giving rise to this complaint occurred in this District.

## STATEMENT OF OPERATIVE FACTS

11.     This case is about the unnecessary death of Gary Pete Marchi. Tragically, his death could have been prevented.  This man lost his life because of the reckless and negligent behavior of Defendant Tesla in designing and manufacturing the 2019 Tesla Model 3.  This wrongful death case is being brought by Plaintiff Sare against the entity whose actions and inactions caused Gary Pete Marchi's premature death.

12.     Defendant Tesla, is a large manufacturer and distributor of consumer automobiles, distributing millions of vehicles throughout the United States.  One of the vehicles that has been massively distributed by Tesla is the 2019 Tesla Model 3.

4

13.     During the year 2019, Defendant Tesla manufactured a 2019 Tesla Model 3 (VIN: 5YJ3E1EB8KF205875), which was purchased by Andrea Jean Myers (hereinafter "Ms. Myers").   At the time of distributing the vehicle, Defendant Tesla repeatedly published advertisements to consumers that the 2019 Tesla Model 3 was safely designed and skillfully crafted.

14.     On or about May 14, 2020, Decedent Gary Pete Marchi was traveling eastbound along Interstate 205 in a 1995 Ford F350 towing a flatbed trailer.  At the same time, Ms. Myers was driving her Model 3 adjacent to Decedent Gary Pete Marchi.  Ms. Myers' Model 3 was utilizing one or more of Tesla's Autopilot features that may include "Traffic-Aware Cruise Control", "Autosteer", "Autopilot Navigation, and/or "Auto-Lane Change".

15.     While both vehicles were traveling alongside each other, Ms. Myers' Model 3 malfunctioned and began swerving uncontrollably.  Ms. Myers' Model 3 swerved into Gary Pete Marchi's F350 causing front side damage to both vehicles.  As Ms. Myers attempted to regain control of the vehicle, the Model 3 swerved, once again, into Gary Pete Marchi's F350.

16.     The two severe vehicle strikes caused Decedent Gary Pete Marchi to lose control of his F350.  The F350 flipped and violently rolled, resulting in the driver's side roof crushing inward and collapsing internally.  The collision and subsequent rolling led to Decedent Gary Pete Marchi's life threatening injuries that proved ultimately fatal.

17.     As a result of the rollover event, Decedent Gary Pete Marchi suffered gruesome and ultimately fatal injuries.  Had the Model 3 operated properly, Decedent Gary Pete Marchi's death would have been avoided.

FIRST AMENDED COMPLAINT

# FIRST CAUSE OF ACTION
## STRICT LIABILITY – MANUFACTURING DEFECT
### (*Plaintiff Sare, Personal Representative, Against All Defendants*)

18.     Plaintiff Sare repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

19.     Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and /or distributed, and performed maintenance on the 2019 Tesla Model 3 purchased and driven by Ms. Myers.

20.     The 2019 Tesla Model 3 driven by Ms. Myers contained a manufacturing defect when it left Defendant Tesla's possession.

21.     Decedent Gary Pete Marchi was killed by the 2019 Tesla Model 3.

22.     The 2019 Tesla Model 3's defect was a substantial factor in causing Decedent Gary Pete Marchi's death.

23.     As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff Sare has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY – DESIGN DEFECT

### (*Plaintiff Sare, Personal Representative, Against All Defendants*)

24.     Plaintiff Sare repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

25.     Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Myers.

26.     The 2019 Tesla Model 3 driven by Ms. Myers contained a design defect in the following respects:

      a.     It did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

      b.     The benefits of the vehicle's design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the vehicle, the likelihood that this harm would occur, the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

27.     Decedent Gary Pete Marchi was killed by the 2019 Tesla Model 3.

28.     The 2019 Tesla Model 3's defect was a substantial factor in causing Decedent Gary Pete Marchi's death.

29.     As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff Sare has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION
### NEGLIGENCE
### (*Plaintiff Sare, Personal Representative, Against All Defendants*)

30.     Plaintiff repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

31.     Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Myers.

32.     Defendant Tesla was negligent in designing, engineering, manufacturing, testing, assembling, marketing, advertising and distributing the 2019 Tesla Model 3.

33.     Decedent Gary Pete Marchi was killed by the 2019 Tesla Model 3.

31.     Defendant Tesla's negligence was a substantial factor in causing Decedent Gary Pete Marchi's death.

32.     As a direct and proximate cause of the conduct of Defendant Tesla,

8

Plaintiff Sare has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE – FAILURE TO RECALL
### (*Plaintiff Sare, Personal Representative, Against All Defendants*)

33.    Plaintiff Sare repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

34.    Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised and distributed the 2019 Tesla Model 3 driven by Ms. Myers.

35.    Defendant Tesla knew or reasonably should have known that the 2019 Tesla Model 3 was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

36.    Defendant Tesla became aware of this defect after the 2019 Tesla Model 3 was distributed.

37.    Defendant Tesla failed to recall the 2019 Tesla Model 3.

38.    A reasonable manufacturer and distributor under the same or similar circumstances would have recalled the 2019 Tesla Model 3.

39.    Decedent Gary Pete Marchi was killed by the 2019 Tesla Model 3.

9

40.     Defendant Tesla's failure to recall the 2019 Tesla Model 3 was a substantial factor in causing Decedent Gary Pete Marchi's death.

41.     As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff Sare has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## FIFTH CAUSE OF ACTION
### SURVIVAL ACTION CCP § 377.30
**(*Plaintiff Sare, Personal Representative, Against All Defendants*)**

42.     Plaintiff Sare repeats every allegation contained in the paragraphs above and incorporates such allegations herein by reference.

43.     Defendant Tesla designed, engineered, manufactured, tested, assembled, marketed, advertised, and distributed the 2019 Tesla Model 3 driven by Ms. Myers.

44.     Defendant Tesla was negligent in designing, engineering, manufacturing, testing, assembling, marketing, advertising. and distributing the 2019 Tesla Model 3.

45.     The 2019 Tesla Model 3 caused Decedent Gary Pete Marchi to suffer painful and gruesome injuries which ultimately killed him.

46.     Further, the 2019 Model 3 caused Decedent Gary Pete Marchi's F350 to violently roll, resulting in the driver's side roof crushing inward and collapsing internally thereby rendering the F350 a total loss.

10

47.     Defendant Tesla's negligence was a substantial factor in causing Decedent Gary Pete Marchi's loss of property and his painful and gruesome injuries which led to his death.

48.     As a direct and proximate cause of the conduct of Defendant Tesla, Plaintiff Sare has sustained damages as reflected in the Statement of Damages served herewith, and in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court award the following:

First Cause of Action
1.     Compensatory damages.

Second Cause of Action
1.     Compensatory damages.

Third Cause of Action
1.     Compensatory damages.

Fourth Cause of Action
1.     Compensatory damages.

Fifth Cause of Action
1.     Compensatory damages.

All Causes of Action

1.    Costs of suit herein incurred;

2.    Interest as provided by law;

3.    For such other and further relief as the Court may deem just and proper.

**MLG, APLC**

Dated: October 10, 2022          By: _/s/ Jonathan A. Michaels_

Jonathan A. Michaels, Esq.
Kseniya Y. Stupak, Esq.
Matthew Van Fleet, Esq.
Attorneys for Plaintiff,
Natalie P. Sare, Personal
Representative of the Estate
of Gary Pete Marchi

FIRST AMENDED COMPLAINT